IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY WICKENKAMP

        Plaintiff,

                      3:14-CV-1646-PK

                      OPINION AND ORDER

v.

AC3, INC., MARILYN PRESTON SUAREZ,
FIRST AMERICAN TITLE INSURANCE
COMPANY, FIRST AMERICAN TITLE
COMPANY, OLD REPUBLIC TITLE
INSURANCE COMPANY, BRUCE HAMPTON,
VENESE HAMPTON, SCOTT HAMPTON,
CHARLES WIKSTROM, RAHN HOSTETTER,
JONEL RICKER, JODI RIGGS, BILL
BUSHLEN, GENERAL LAND OFFICE, and
CHARLENE WIKSTROM,

        Defendants.

PAPAK, Magistrate Judge:

        Plaintiff *pro se* Mary Wickenkamp filed this action against defendants AC3, Inc.

Page 1 - OPINION AND ORDER

("AC3"), Marilyn Preston Suarez, and First American Title Insurance Company ("FATIC") on October 16, 2014. Wickenkamp amended her complaint effective April 2, 2015, adding as additional defendants First American Title Company ("FATC"),[1] Old Republic Title Insurance Company ("ORTIC"), Bruce Hampton ("Bruce"), Venese Hampton ("Venese"), Scott Hampton ("Scott" and, collectively with Bruce and Venese, the "Hamptons"), Charles Wikstrom ("Charles"), Rahn Hostetter, Jonel Ricker, Jodi Riggs, Bill Bushlen, General Land Office ("GLO"), and Charlene Wikstrom ("Charlene" and, collectively with Charles, the "Wikstroms"). By and through her amended complaint, Wickenkamp alleges the liability of defendants FATC and AC3 to Lloyd Trackwell, Sr. ("Lloyd"), and Judith Trackwell ("Judith" and, collectively with Lloyd, the "Trackwells") under Oregon common law for breach of fiduciary duty, breach of a contract characterized as an "exchange facilitator" contract, breach of a contract characterized as a "title insurance" contract, and breach of the covenant of good faith and fair dealing implied in that same title insurance contract, the liability of AC3 to the Trackwells under Oregon common law for breach of a contract characterized as an "escrow closing agent" contract and under Or. Rev. Stat. 646.608(u) for unfair trade practices, the liability of AC3 and ORTIC under Or. Rev. Stat. 646.608(u) for unfair trade practices in a second, separately pled Section 646.608(u) claim, the liability of AC3 and Suarez to the Trackwells under Or. Rev. Stat. 646.730 and 646.780 for violation of Oregon antitrust law, the liability of Suarez, Ricker, Hostetter, Bushlen, and the Hamptons to the Trackwells under Oregon common law for conspiracy to interfere with economic relations, and the liability of Suarez, Ricker, Hostetter, Bushlin, and the Hamptons to

---

[1] Although Wickenkamp's pleading is unclear on this point, it is possible that Wickenkamp intended to name FATC as a defendant in lieu of FATIC rather than in addition to FATIC.

the Trackwells under Oregon common law for conspiracy to interfere with economic relations in a second, separately pled intentional interference claim, and additionally asserts a right to disregard AC3's corporate formalities and treat AC3's principal Suarez and AC3 as a single entity for purposes of damages.[2] Wickenkamp further alleges that she is the Trackwells' assignee and therefore the real party in interest for purposes of all of the foredescribed claims, and in support of that allegation attaches as an exhibit to her amended complaint a document styled as an "Assignment of Claims" signed by the Trackwells and purporting to assign "all right title and interest" in the claims asserted herein to Wickenkamp "in order that she may prosecute and recover all such claims for the benefit of the [Trackwells'] bankruptcy estate and remit the proceeds of such claims to said estate." The Assignment of Claims recites no consideration tendered by Wickenkamp to the Trackwells in exchange for such assignment. Wickenkamp seeks damages in an amount "believed to be at this time . . . of $7,000,000." According to the allegations of Wickenkamp's amended complaint, this court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 based on the complete diversity of the parties and the amount in controversy.[3]

Now before the court is Wickenkamp's motion (#36) for an order asserting personal

---

[2] Wickenkamp does not, by and through her amended complaint, expressly allege the liability of Riggs, GLO, or the Wikstroms in connection with any of her claims. The introductory paragraphs of her complaint suggest that Riggs and Charles Wikstrom may allegedly have entered into the conspiracy complained of by and through Wickenkamp's first and/or second intentional interference claim; my analysis of Wickenkamp's amended complaint does not uncover any allegation of wrongdoing or potential wrongdoing by GLO or Charlene Wikstrom.

[3] Wickenkamp additionally asserts this court's subject-matter jurisdiction under 28 U.S.C. § 1331 based on her "federal" claim, but she identifies no such federal claim and my analysis of her complaint reveals none.

Page 3 - OPINION AND ORDER

jurisdiction over the Wikstroms pursuant to Federal Civil Procedure Rule 4(n)(2) by seizing real property the Wikstroms purportedly own in Oregon. I have considered the motion and all of the pleadings and papers on file. For the reasons set forth below, Wickenkamp's motion is denied with leave to refile.

## LEGAL STANDARD

Federal Civil Procedure Rule 4(n)(2) provides as follows:

> On a showing that personal jurisdiction over a defendant cannot be obtained in the district where the action is brought by reasonable efforts to serve a summons under this rule, the court may assert jurisdiction over the defendant's assets found in the district. Jurisdiction is acquired by seizing the assets under the circumstances and in the manner provided by state law in that district.

Fed. R. Civ. P. 4(n)(2). The circumstances under which Oregon law provides for assertion of jurisdiction over a defendant through attachment of the defendant's property are governed by Oregon Civil Procedure Rule 84. Oregon's Rule 84 provides, in relevant part, as follows:

> The plaintiff, at the time of issuing the summons or any time afterwards, may have the property of the defendant attached, as security for the satisfaction of any judgment that may be recovered, in the following cases:
>
> (a) An action upon a contract, expressed or implied, for the direct payment of money, when the contract is not secured by mortgage, lien, or pledge, or when it is so secured but such security has been rendered nugatory by act of the defendant.
>
> (b) An action against a defendant not residing in this state to recover a sum of money as damages for breach of any contract, expressed or implied, other than a contract of marriage.
>
> (c) An action against a defendant not residing in this state to recover a sum of money as damages for injury to property in this state.

Or. R. Civ. P. 84A(2). To obtain an order for provisional process through attachment of property under Oregon law, it is the plaintiff's burden to "file[] with the clerk of the court from which such

Page 4 - OPINION AND ORDER

process is sought" evidence sufficient to establish "that the action is one in which provisional process may issue" and good cause for its issuance. Or. R. Civ. P. 83A.

The notes of the Advisory Committee in connection with the 1993 amendment of Rule 4(n) provide as follows:

> This subdivision provides for in rem and quasi-in-rem jurisdiction. Paragraph (1) incorporates any requirements of 28 U.S.C. §1655 or similar provisions bearing on seizures or liens.
>
> **Paragraph (2) provides for other uses of quasi-in-rem jurisdiction but limits its use to exigent circumstances.** Provisional remedies may be employed as a means to secure jurisdiction over the property of a defendant whose person is not within reach of the court, but **occasions for the use of this provision should be rare, as where the defendant is a fugitive or assets are in imminent danger of disappearing.** Until 1963, it was not possible under Rule 4 to assert jurisdiction in a federal court over the property of a defendant not personally served. The 1963 amendment to subdivision (e) authorized the use of state law procedures authorizing seizures of assets as a basis for jurisdiction. Given the liberal availability of long-arm jurisdiction, the exercise of power quasi-in-rem has become almost an anachronism. Circumstances too spare to affiliate the defendant to the forum state sufficiently to support long-arm jurisdiction over the defendant's person are also inadequate to support seizure of the defendant's assets fortuitously found within the state. *Shaffer v. Heitner*, 433 U.S. 186 (1977).

Fed. R. Civ. P. 4, Comments to 1993 Amendments. *Schaffer v. Heitner*, 433 U.S. 186 (1977), in turn, stands for the proposition that "in order to justify an exercise of jurisdiction in rem, the basis for jurisdiction must be sufficient to justify exercising jurisdiction over the interests of persons in a thing." *Schaffer*, 433 U.S. at 207 (internal quotation marks, footnote omitted). "The standard for determining whether an exercise of jurisdiction over the interests of persons is consistent with the Due Process Clause is the minimum-contacts standard elucidated in *International Shoe* [*Co. v. Wash.*, 326 U.S. 310 (1945)]." *Id.*

Under *International Shoe* and its progeny, to be subject to the personal jurisdiction of a

Page 5 - OPINION AND ORDER

federal court, a nonresident defendant must have at least "'minimum contacts'" with the court's forum state such that "the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004), *quoting International Shoe*, 326 U.S. at 316. Two forms of personal jurisdiction are available for application to a nonresident defendant: general personal jurisdiction and specific personal jurisdiction. Here, Wickenkamp alleges that Charles Wikstrom[4] "is a resident of the State of Idaho but owns real property in Oregon and has sufficient minimum contacts with Oregon" to justify the exercise of general personal jurisdiction over him. Wickenkamp makes no argument or allegation that this court could properly exercise specific personal jurisdiction over either of the Wikstroms.

"For general jurisdiction to exist over a nonresident defendant . . . , the defendant must engage in continuous and systematic general business contacts . . . that approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801, *quoting Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) and *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id., citing Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986).

## ANALYSIS

In support of her motion, Wickenkamp offers evidence tending to establish that she attempted service upon Charles Wikstrom at the Wikstroms' address last known to her in Wilder,

---

[4] As noted above, Wickenkamp offers no allegations regarding Charlene Wikstrom.

Page 6 - OPINION AND ORDER

Idaho, but learned that the Wikstroms had moved away from that address. Wickenkamp further offers her own declaration testimony that she "made a diligent search of public records to determine a further address wherein [sic] service might be obtained upon Charles Wikstrom and Charlene Wikstrom," but was unsuccessful in that search. Wickenkamp further testifies that the Wikstroms own real property in Oregon, but do not reside there, and that if her motion is not granted she "has no current means of obtaining effective service." Wickenkamp offers no further evidence, argument, or allegation that seizure of the Wikstroms' Oregon property could be appropriate under Rule 4(n)(2).

Wickenkamp's proffer is insufficient to establish that Rule 4(n)(2) may properly be applied here. First, I note that Wickenkamp makes no express allegation of the Wikstroms' liability in connection with any of her many claims, and that the only claims her allegations suggest she may have intended to state against either of the Wikstroms are one or both of her two intentional interference claims. As such, it does not appear that Oregon law would countenance the seizure of assets Wickenkamp seeks, with the consequence that Rule 4(n)(2) is inapplicable here. Moreover, second, Wickenkamp makes no showing that she has complied with the procedures for obtaining an order effecting attachment of property set forth at Oregon Civil Procedure Rule 83.

Third, Wickenkamp's proffer falls well short of establishing that the "exigent circumstances" requisite to seizure under Rule 4(n)(2) are present here. There is no allegation, evidence, or other suggestion that the Wikstroms are fugitives or that assets within the scope of Wickenklamp's claims are in imminent danger of disappearing. Absent such circumstances, no grounds exist for the invocation of the asset-seizure provision.

Fourth, Wickenkamp's proffer similarly falls well short of establishing that this court may properly exercise general personal jurisdiction over either of the Wikstroms. Wickenkamp offers no allegation, evidence, or other suggestion that either Wikstrom has at any material time engaged in continuous and systematic general business contacts sufficient to approximate physical presence in Oregon. Absent grounds for the exercise of personal jurisdiction over the Wikstroms, this court is without authority to seize the Wikstroms' Oregon property under Rule 4(n)(2).

Fifth and finally, Wickenkamp offers evidence that the Oregon property in connection with which she moves for judicial seizure is owned by both Charles and Charlene Wikstrom, but does not appear to allege any claim against Charlene by and through her amended complaint. Even if seizure of Charles' assets were appropriate under Rule 4(n)(2), Wickenkamp offers no rationale for the seizure of any assets in which Charlene has an interest.

Because Wickenkamp has failed to meet her burden to establish that this court may properly seize the Wikstroms' Oregon property under Federal Civil Procedure Rule 4(n)(2), her motion is denied with leave to refile in the event Wickenkamp believes in good faith that she can cure all of the procedural and substantive defects identified herein.

## CONCLUSION

For the reasons set forth above, Wickenkamp's motion (#36) for an order asserting personal jurisdiction over the Wikstroms pursuant to Federal Civil Procedure Rule 4(n)(2) by

///

///

///

seizing real property the Wikstroms purportedly own in Oregon is denied with leave to refile as discussed above.

Dated this 8th day of June, 2015.

Honorable Paul Papak
United States Magistrate Judge