IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY WICKENKAMP,

        Plaintiff,                No.  3:14-cv-01646-PK

    v.

AC3, INC.; MARILYN PRESTON         ORDER
SUAREZ; FIRST AMERICAN TITLE
INSURANCE COMPANY; FIRST
AMERICAN TITLE COMPANY; OLD
REPUBLIC TITLE INSURANCE
COMPANY; BRUCE HAMPTON;
VENESE HAMPTON; SCOTT HAMPTON;
CHARLES WIKSTROM; RAHN
HOSTETTER; JONEL RICKER; JODI
RIGGS; BILL BUSHLEN; GENERAL
LAND OFFICE; CHARLENE WIKSTROM;

        Defendants.

HERNÁNDEZ, District Judge:

      Magistrate Judge Papak issued a Findings and Recommendation [65] on September 28, 2015, in which he recommends that this Court grant in part and deny in part Defendant First American Title Company's motion [41] to dismiss and request for judicial notice, and

1 – ORDER

Defendants AC3, Inc.'s and Marilyn Suarez's motion [44] to dismiss for failure to state a claim. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

I have carefully considered Plaintiff's objections and conclude there is no basis to modify the Findings & Recommendation. I have also reviewed the pertinent portions of the record *de novo* and find no other errors in the Magistrate Judge's Findings & Recommendation.

## CONCLUSION

The Court ADOPTS Magistrate Judge Papak's Findings & Recommendation [65]. Therefore, for the reasons stated in the record, the Court grants in part and denies in part Defendant First American Title Company's motion [41] to dismiss and request for judicial notice, and Defendants AC3, Inc.'s and Marilyn Suarez's motion [44] to dismiss for failure to state a claim. All of plaintiff's claims are dismissed without prejudice for lack of standing. Furthermore, Plaintiff is not granted leave to amend because the defect in her standing to pursue her claims is not subject to cure by amendment.

IT IS SO ORDERED.

DATED this ___16___ day of ___November___, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge

2 – ORDER